Carni and Lindley, JJ.
(dissenting). We respectfully dissent. In our view, defendant was deprived of his right to effective assistance of counsel as a result of his trial attorney’s failure to object to inadmissible testimony regarding numerous prior consistent statements made by the victim. One of the prosecution witnesses who offered inadmissible testimony was a pediatrician who examined the victim at the People’s request in October 2008, when the victim was 14 years old and after defendant had been indicted. The pediatrician testified that the victim told her that defendant “anally penetrated” her with his penis when she was six and seven years old. Defendant challenged the admissibility of that testimony on his direct appeal from the judgment of conviction, but we concluded that his contention was not preserved for our review (People v Gross, 79 AD3d 1660, 1662 [2010], lv denied 16 NY3d 895 [2011]).
In our view, the pediatrician’s testimony impermissibly bolstered the victim’s trial testimony. The victim’s statement to the pediatrician obviously does not constitute a prompt outcry, and the evidence was not offered by the People to rebut a claim of recent fabrication (see generally People v Rosario, 17 NY3d 501, 512-513 [2011]). Moreover, and contrary to the People’s contention, the victim’s statements to the pediatrician were not necessary for diagnosis and treatment inasmuch as the pediatrician provided no treatment to the victim (cf. People v Spicola, 16 NY3d 441, 451 [2011], cert denied 565 US —, 132 S Ct 400 [2011]).
If defense counsel’s failure to object to the pediatrician’s testimony on the proper grounds were her only failing, perhaps it could be said that this single error was not so “egregious and *1387 prejudicial as to compromise [the] defendant’s right to a fair trial” (People v Caban, 5 NY3d 143, 152 [2005]; see People v Turner, 5 NY3d 476, 480 [2005]). But defense counsel also failed to object to (1) the victim’s testimony that, when she was five or six years old, she told her mother that defendant was touching her sexually; (2) the victim’s testimony that, on May 15, 2008, she told her sister that defendant raped her; (3) the victim’s testimony that, while in her principal’s office on May 16, 2008, she told a detective the same thing that she told the jury, and that she then showed an investigator the location of the field where the “sexual abuse” occurred; and (4) the victim’s testimony that she told the aforementioned pediatrician what happened with defendant, and that the pediatrician then examined her vagina and anus.
It is well settled that “the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial” (People v McClean, 69 NY2d 426, 428 [1987]; see People v Buie, 86 NY2d 501, 509-511 [1995]; People v McDaniel, 81 NY2d 10, 16 [1993]). The reason for the rule against the admission of prior consistent statements is that “an untrustworthy statement is not made more trustworthy by repetition” (McClean, 69 NY2d at 428; see People v Seit, 86 NY2d 92, 95 [1995]). As the Court of Appeals has reiterated, “the admission of prior consistent statements may, by simple force of repetition, give to a jury an exaggerated idea of the probative force of a party’s case” (People v Smith, 22 NY3d 462, 466 [2013]). As noted, evidence of prior consistent statements alleging sexual abuse may be admitted under the prompt outcry rule or to rebut a claim of recent fabrication (see Rosario, 17 NY3d at 512-513), but neither exception to the general rule applies to any of the above testimony, and we can discern no strategic reason for defense counsel’s failure to object to the inadmissible evidence.
We note in addition that the victim’s prior consistent statements—to her mother, her sister, the police, and the pediatrician—were relied upon heavily by the prosecutor during his summation, without objection by defense counsel. After recounting each prior consistent statement, the prosecutor argued in sum and substance that, because the victim had told so many people on so many occasions that defendant had raped her, she must be telling the truth. It is clear from the summation that the victim’s prior consistent statements were used by the People to establish the truth of the matters asserted therein, and not for any ancillary purpose.
We cannot agree with the majority that defendant has not *1388 specifically contended on appeal that defense counsel was ineffective for failing to object to the victim’s testimony regarding her prior consistent statements. In the factual portion of his brief, defendant sets forth each instance where the victim testified about consistent statements she made prior to trial, noting that defense counsel did not object to any of the testimony. In the argument portion of his brief, defendant contends that the “failure of defense counsel to timely object to the repeated bolstering and testimony as to prior consistent statements of the complainant by seven of the eight prosecution witnesses” deprived defendant of his right to effective assistance of counsel. Defendant then identifies by name the seven prosecution witnesses who provided inadmissible bolstering testimony, and one of those witnesses is the victim. We thus conclude that the issue whether defense counsel was ineffective for failing to object to the victim’s bolstering testimony is properly before us.
We also respectfully disagree with the majority that the prior consistent testimony offered by the victim was admissible because it constituted a narrative of events. We found no cases that recognize a narrative exception to the rule against the admission of prior consistent statements, and such an exception, if created, would swallow the rule altogether. Although testimony regarding out of court statements that complete the narrative by “providing] background information” does not constitute inadmissible hearsay on the theory that such testimony is not offered for the truth of the matters asserted (People v Tosca, 98 NY2d 660, 661 [2002]), the testimony at issue here did not complete the narrative; instead, the testimony merely repeated the narrative, which was that defendant sexually molested the victim.
In any event, the motion court, in denying defendant’s CPL 440.10 motion, did not rule that the prior consistent statements in question were admissible to explain the narrative of events. The court determined that any “error was harmless” because the jurors “would expect that a witness alleging to be a victim in a sex abuse case would have made some disclosures prior to trial,” and because there may have been a strategic reason for defense counsel’s failure to object to the testimony. Thus, in our view, we cannot affirm the instant order on the ground that the evidence was admissible in the first instance (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 196 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]).
We would therefore reverse the order denying defendant’s CPL 440.10 motion and grant him a new trial.
Present—Scudder, PJ., Smith, Carni, Lindley and Whalen, JJ.